Filed 3/8/16  P. v. Chavez CA2/7
Received for posting 3/9/16

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B265801 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. KA107233) |
| FERNANDO CHAVEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Rogelio G. Delgado, Judge.  Affirmed.

Fernando Chavez, in pro. per., and Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

After waiving his right to a preliminary hearing and jury trial in November 2014, Fernando Chavez pleaded no contest to one felony count of possession of contraband (methamphetamine) in jail (Pen. Code, § 4573.6, subd. (a))[1] and one misdemeanor count of violating a domestic relations order (§ 273.6, subd. (a)) and admitted he had suffered a prior serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(j); 1170.12). Pursuant to a negotiated agreement the trial court sentenced Chavez to a state prison term of four years: four years (the two-year lower term doubled under the three strikes law) for possession of contraband in jail and a concurrent term of 180 days for violation of a domestic relations order.[2]

On June 24, 2015 Chavez, representing himself, filed a petition seeking to reduce his felony conviction for possession of a controlled substance in jail to a misdemeanor under Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18). The trial court denied the petition, finding Chavez was not eligible for resentencing under Proposition 47. Chavez filed a timely notice of appeal.

We appointed counsel to represent Chavez on this appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On November 16, 2015 we advised Chavez he had 30 days within which to submit any contentions or issues he wished us to consider. On December 8, 2015 we permitted Chavez to file a 16-page supplemental brief claiming his appellate counsel provided ineffective assistance by failing to address certain issues on appeal. To the extent they can be understood, those issues are beyond the scope of this appeal, which is limited to the denial of Chavez's petition pursuant to Proposition 47, or would not be cognizable on appeal in any event in light of his plea. With respect to Chavez's Proposition 47 petition, the trial court correctly ruled the unauthorized possession of a controlled substance in jail

---

[1] Statutory references are to this code.

[2] After Chavez also admitted he had violated probation in two Los Angeles Superior Court misdemeanor cases, the trial court revoked and terminated probation in case number 4RI01802 (driving on a suspended license) and revoked and reinstated probation in case number 4DV00222 (misdemeanor vandalism and domestic violence.)

is not one of the drug-related offenses for which a defendant may seek reclassification or resentencing pursuant to section 1170.18, subdivision (a).

We have examined the entire record and are satisfied Chavez's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The order is affirmed.


PERLUSS, P. J.


We concur:



ZELON, J.



BLUMENFELD, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.